Andrea Darrow Smith, Esq. (SBN: 265237)
andreadarrowsmith@gmail.com
Ryan S. Carrigan, Esq. (SBN: 279709)
rscarriganlaw@gmail.com
**Smith & Carrigan Law Group, P.C.**
7121 Magnolia Avenue, Suite E
Riverside, CA 92504
Tel: (951) 530-3297  Fax: (888) 821-0153
Attorneys for Michael J. Waltz

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# RIVERSIDE DIVISION

| | |
|---|---|
| MICHAEL J. WALTZ<br><br>Plaintiff,<br><br>v.<br><br>THOMAS & ASSOCIATES ACQUISITIONS, LLC.; AMERICAN LAW GROUP, P.L.C.<br><br>Defendants. | Case No: 5:14-cv-01229<br><br>**COMPLAINT FOR VIOLATIONS OF 15 U.S.C. § 1692, ET SEQ. & CAL. CIV. CODE § 1788, ET SEQ.** |

### INTRODUCTION

1. This is an action arising from violations of the Fair Debt Collection Practices Act ("FDCPA") and California's Rosenthal Act ("Rosenthal Act").

2. MICHAEL J. WALTZ, ("Plaintiff"), through Plaintiff's attorneys, brings this complaint to challenge the actions of THOMAS & ASSOCIATES ACQUISITIONS, LLC. ("Defendant T&A") and AMERICAN LAW GROUP, P.L.C. ("Defendant ALG") with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Plaintiff makes the foregoing allegations based on his information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff bases on personal knowledge.

4. While many violations of the FDCPA and Rosenthal Act are described below with specificity, this Complaint alleges violations of both statutes cited in their entirety.

5. Any and all violations of the FDCPA by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonable adapted to avoid any such violations.

6. Any and all violations of the Rosenthal Act by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonable adapted to avoid any such violations.

## JURISDICTION AND VENUE

7. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and violations of the California Rosenthal Act, Cal. Civ. Code. § 1788 et seq. ("Rosenthal Act") in its illegal efforts to collect a consumer debt.

8. This Court has jurisdiction to hear this case under 28 U.S.C. § 1331, 15 U.S.C. § 1692k, and 28 U.S.C. § 1367 for supplemental state claims.

9. Venue is proper pursuant to 28 U.S.C. § 1391.

10. At all times relevant hereto, Defendants conducted business within the State of California, therefore personal jurisdiction is established.

## PARTIES

11. Plaintiff is a natural person who resides in the City of Twentynine Palms, County of Riverside, State of California.

12. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

13. Plaintiff is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

14. Plaintiff allegedly owed a consumer debt arising out of a Wells Fargo account, account number ending in XXXX2004 ("the alleged debt").

15. Defendant T&A is located in the City of Sandy, County of Salt Lake, State of Utah.

16. Defendant ALG is located in the City of Los Angeles, County of Los Angeles, State of California.

17. All named Defendants are debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

18. All named Defendants are also debt collectors as that term is defined by California Civil Code § 1788.2(c).

19. This Complaint arises from Defendants' attempts to collect a "consumer debt" from Plaintiff and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

20. On or before October 12, 2012 Plaintiff became indebted to Wells Fargo Bank, N.A for a personal credit account, Wells Fargo account number ending in XXXX2004 (hereinafter "the alleged debt".)

21. The alleged debt consists of a personal credit account and therefore was incurred for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

22. The alleged debt is money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

23. On or before October 12, 2012 the alleged debt was assigned to Defendant T&A for collections.

24. In or about October 2012, Defendant T&A contacted Plaintiff and offered to settle the alleged debt account if Plaintiff agreed to pay Defendant T&A $1,026.10.

25. Plaintiff agreed to pay Defendant T&A and on or about October 12, 2012 Plaintiff made his payment to Defendant T&A according to the settlement terms.

26. As part of the settlement of the alleged debt, Defendant T&A agreed to release and forever discharge Plaintiff from any and all claims arising out of the alleged debt, Wells Fargo account number ending in XXXX2004.

27. Defendant T&A mailed Plaintiff a letter dated October 12, 2012 (hereinafter "Defendant T&A's October 2012 letter") confirming the resolution of the account and the completed settlement of the alleged debt.[1]

28. Defendant T&A's October 2012 letter states in part:

> This letter is to confirm that the above-described account has been satisfied in full[] … Thomas & Associates Acquisitions, LLC. does hereby release and forever discharge the debtor(s) … from any and all actions, causes of actions, claims, demands of costs, or any action arising out of the account.

29. This letter to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

30. This letter was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase.

31. For over a year, Plaintiff assumed the settlement entered with Defendant T&A had resolved the alleged debt account, until January 2014 when Plaintiff was unexpectedly contacted by Defendant ALG attempting to collect the alleged debt, Wells Fargo account number ending in XXXX2004.

32. On or about January 7, 2014, Defendant ALG sent Plaintiff an offer of settlement regarding the alleged debt informing Plaintiff that their office had been retained to collect the alleged debt and that they could settle the account for a payment of $2,000.00 if it was paid that same day (hereinafter "Defendant ALG's offer of settlement").[2]

33. This letter to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

34. This letter to Plaintiff was an "initial communication" as that term is defined by 15 U.S.C. §1692g(a).

---

[1] A true and correct copy of Defendant T&A's October 2012 letter is attached hereto as **Exhibit A**.

[2] A true and correct copy of Defendant ALG's January 7, 2014 offer of settlement is attached hereto as **Exhibit B**.

35. This letter was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase.

36. Defendant ALG's offer of settlement also contained the following statement: "*All payments must be received as scheduled otherwise this settlement offer will be considered null and void, and your account may be subject to \*additional penalties.*"

37. These "additional penalties" are later defined as "*\*Penalties of $75.00 to 150.00*".

38. Per the terms set forth in Defendant ALG's offer of settlement, Plaintiff signed and faxed back the settlement offer to Defendant ALG on January 7, 2014 and made the $2,000.00 payment.

39. On or about January 7, 2014, Defendant ALG drafted a letter of confirmation of the settlement and release of obligation of debt.[3]

40. It is Plaintiff's belief that Defendant T&A willfully disregarded the settlement it entered with Plaintiff in October 2012, and that Defendant T&A willfully resold, assigned, or otherwise cause to be transferred to Defendant ALG the alleged debt in violation of the settlement terms.

41. As a result of Defendants' unlawful collection activities Plaintiff suffered actual damages in the form of monetary damage consisting of both the monies paid to Defendant T&A and the monies paid to Defendant ALG, all caused by Defendant T&A's resale of the alleged debt after settling the debt account in full and forever releasing and discharging Plaintiff from all claims and demands arising out of the alleged debt account.

## CAUSES OF ACTION

### COUNT I: VIOLATION OF FDCPA

42. All other preceding paragraphs are incorporated herein by reference.

43. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692 et seq.

---

[3] A true and correct copy of Defendant ALG's January 7, 2014 letter of confirmation of settlement and release of obligation of debt is attached hereto as **Exhibit C**.

44. Defendant T&A's resale of the alleged debt in direct violation of the settlement entered between it and Plaintiff constituted an unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. 1692f.[4]

45. Defendant T&A collected settlement funds from Plaintiff and then resold the alleged debt in direct violation of the settlement entered between it and Plaintiff. This constitutes a deceptive means to collect or attempt to collect a debt in violation of 15 U.S.C. 1692e(10).[5]

46. Defendant ALG failed to provide Plaintiff with a written notice containing a notice that unless Plaintiff disputes the alleged debt within 30 days of the date of receipt of said notice, the debt, or any portion thereof, will be assumed to be valid by the debt collector. This omission violated 15 U.S.C 1692g(a)(3).

47. Defendant ALG likewise failed to provide Plaintiff with a written notice that if Plaintiff notified Defendant ALG within the thirty day dispute period that Defendant ALG would obtain verification of the debt or a copy of a judgment against Plaintiff and that such verification or judgment would be mailed to Plaintiff. This omission violated 15 U.S.C 1692g(a)(4).

48. Defendant ALG's statement that "additional penalties" may be added to the alleged debt constitute a false representation of the character and amount of the debt in violation of 1692e(2)(A) and 15 U.S.C. 1692e(10).

49. The threat of "additional penalties" also violated 15 U.S.C. 1692f(1) as debt collectors are prohibited from collecting any amount incidental to the principal obligation unless such amount is expressly authorized by the original creditor's contract.

50. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to

---

[4] "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. 1692f.

[5] "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain further information concerning a consumer." 15 U.S.C. 1692e(10).

$1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.[6]

### COUNT II: VIOLATION OF THE ROSENTHAL ACT

51. All other preceding paragraphs are incorporated herein by reference.

52. Because Defendants' actions described herein violated certain portions of the federal Fair Debt Collection Practices Act, which are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, Defendants' conduct also violated Cal. Civ. Code § 1788.17.[7]

---

[6] "(a) Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this title with respect to any person is liable to such person in an amount equal to the sum of -- (1) any actual damage sustained by such person as a result of such failure; (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; (2)(B) [CLASS ACTION DAMAGES]; and (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

(b) In determining the amount of liability in any action under subsection (a), the court shall consider, among other relevant factors -- (1) in any individual action under subsection (a)(2)(A), the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional"

15 U.S.C. § 1692k(a)-(b)(1).

[7] "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code. However, subsection (11) of Section 1692e and Section 1692g shall not apply to any person specified in paragraphs (A) and (B) of subsection (6) of Section 1692a of Title 15 of the United States Code or that person's principal." Cal. Civ. Code § 1788.17.

"The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f(6), such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. The term does not include --

(A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor;

(B) any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts".

15 U.S.C. § 1692a(6)(A)-(B).

53. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each and every defendant, jointly and severally.[8]

### PRAYER FOR RELIEF AS TO DEFENDANT T&A.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant T&A, and Plaintiff be awarded damages from Defendant T&A., as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of actual damages pursuant to California Civil Code § 1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

///

///

---

[8] "(a)Any debt collector who violates this title with respect to any debtor shall be liable to that debtor only in an individual action, and his liability therein to that debtor shall be in an amount equal to the sum of any actual damages sustained by the debtor as a result of the violation.

(b)Any debt collector who willfully and knowingly violates this title with respect to any debtor shall, in addition to actual damages sustained by the debtor as a result of the violation, also be liable to the debtor only in an individual action, and his additional liability therein to that debtor shall be for a penalty in such amount as the court may allow, which shall not be less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000).

(c)In the case of any action to enforce any liability under this title, the prevailing party shall be entitled to costs of the action. Reasonable attorney's fees, which shall be based on time necessarily expended to enforce the liability, shall be awarded to a prevailing debtor; reasonable attorney's fees may be awarded to a prevailing creditor upon a finding by the court that the debtor's prosecution or defense of the action was not in good faith." Cal. Civ. Code § 1788.30(a)-(c).

### PRAYER FOR RELIEF AS TO DEFENDANT ALG

WHEREFORE, Plaintiff prays that judgment be entered against Defendant ALG, and Plaintiff be awarded damages from Defendant ALG, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of actual damages pursuant to California Civil Code § 1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

62. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

Smith & Carrigan Law Group, P.C.

Date: June 16, 2014

By: *Andrea D Smith*
Andrea Darrow Smith, Esq.
Attorneys for Michael J. Waltz